OPINION
{¶ 1} Appellants Donald Yeager and Debra Cogar appeal from the June 25, 2003, Judgment Entry of the Court of Common Pleas of Fairfield County which granted permanent custody of Dakota and Ronnie Yeager to the Fairfield County Job Family Services, Department of Children's Services.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants Donald Yeager and Debra Cogar are the natural parents of Dakota Yeager (dob 10/13/00) and Ronnie Yeager (dob 12/11/01). On January 4, 2001, Dakota Yeager was placed in the temporary shelter custody of Fairfield County Job Family Services, Department of Children's Services [hereinafter Agency]. On March 16, 2001, Dakota Yeager was found to be a dependent minor and was placed in the temporary custody of the Agency. On January 22, 2002, less than a month after birth, Ronnie Yeager (then known as Baby Boy Yeager) was placed in the temporary shelter custody of the Agency. Subsequently, on March 7, 2002, Ronnie Yeager was found to be a dependent minor and was placed in the temporary custody of the Agency. On September 27, 2002, the Agency filed a motion requesting permanent custody of the children.
 {¶ 3} A trial on the motion for permanent custody was heard on January 28, 2003, March 26, 2003, March 27, 2003, May 6, 2003, and May 7, 2003. By an Entry filed on June 23, 2003, the trial court granted permanent custody of Dakota and Ronnie Yeager to the Agency.
 {¶ 4} It is from the June 23, 2003, Judgment Entry that appellants appeal. Four separate appeals were taken by the two appellants in regard to the two children. Each appellant then filed a separate brief which incorporated arguments concerning both children. This Court shall consider both appellants' assignments of error in this opinion.
 {¶ 5} Appellant Donald Yeager raises the following assignment of error:
 {¶ 6} "The decision of the trial court granting permanent custody of appellant's children to fairfield county children's services was not supported by competent, credible evidence, as the record does not contain clear and convicning evidence that permanent custody was in the children's best interest and that the children cannot be placed with either parent within a resonable time."
 {¶ 7} Appellant Debra Cogar raises the following assignment of error:
 {¶ 8} "The decision of the trial court granting permanent custody of appellant's children to fairfield county children's services was not supported by competent, credible evidence. as the record does not contain clear and convincing evidence that permanent custody was in the children's best interest and that the children cannot be placed with either parent within a reasonable time."
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 10} Revised Code 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. That statute provides as follows:
 {¶ 11} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 12} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 13} "(b) The child is abandoned.
 {¶ 14} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 15} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 16} In this case, the trial court found that the minor children could not be placed with either parent at this time or within a reasonable period of time and that the children had been in the temporary custody of Fairfield County Children's Services for 12 of the past consecutive 22 months. These are alternate findings pursuant to R.C. 2151.414(B)(1). See R.C.2151.414(B)(1)(a) and (d) respectively. Either of those findings, if supported by the evidence, is sufficient in and of itself to base a grant of permanent custody pursuant to R.C.2151.414(B)(1).
 {¶ 17} Appellants concede that the minor children were in the temporary custody of the agency for 12 of the past 22 months. Such a finding is enough to satisfy the requirements of R.C.2151.414(B)(1). See In Re: Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101. A review of the record supports the trial court's finding. Accordingly, we will proceed to an analysis of whether the grants of permanent custody were in the children's best interests.
 {¶ 18} The trial court found that the grant of permanent custody was in the minor children's best interest. Appellants contend that the trial court's decision is against the manifest weight of the evidence. We disagree.
 {¶ 19} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C.2151.414(D). These factors are as follows:
 {¶ 20} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 21} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 22} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 23} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 24} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 25} A. Donald Yeager's Sole Assignment of Error:
 {¶ 26} In this case, evidence showed that Donald and Debra had an on and off again relationship. Despite recommendations that the two not have contact for the sake of the children and decisions by Donald to separate from Debra, the two continue to get together and then separate and then repeat the process. The relationship was shown to be volatile, which has led to some violence by Donald against Debra and many volatile arguments. The relationship was described as wrought with turmoil and immaturity. Even after appellant completed anger management counseling, there was an incident of violence in which appellant threw a battery charger at Debra and volatile arguments, some of which were in the presence of Dakota. In fact, in December, 2002, an Agency employee felt she had to step in between Donald and Debra because the employee feared that the argument was escalating toward a physical fight. Further, there was evidence that Donald does not protect Dakota and Ronnie from emotional or physical mistreatment by Debra.[1]
 {¶ 27} Donald has been diagnosed with dependent personality disorder and, at times, allows his relationship with Debra to take priority over his children. Appellant also has cognitive difficulties which make it hard for him to make decisions without support and make it hard for him to adjust to a new situation. Although appellant successfully completed drug and alcohol counseling, appellant continues to use and have problems with alcohol.
 {¶ 28} Admittedly, on December 24, 2001, Dakota was placed with Donald on visitation status. However, concerns remained over Donald's use of alcohol, ability to parent on his own without outside assistance, and ability to keep Dakota safe. After ten months, the Agency decided to remove Dakota from Donald's home. This was after Debra had moved in with Donald and the two began to care for Dakota together. Further, it had been brought to the Agency's attention that during this ten month period, Donald consumed three to four beers and then drove a vehicle with Dakota as a passenger.
 {¶ 29} There was evidence that appellant and Dakota had a strong bond at one time but the bond has weakened with time. As to Ronnie, evidence showed that there was no bond with appellant. Ronnie does not identify appellant as his father although there is positive interaction between appellant and Ronnie.
 {¶ 30} There was a guardian ad litem appointed in this case. As to Donald, the guardian recommended against permanent custody and recommended that custody of the two children be returned to Donald.
 {¶ 31} When this court reviews the evidence, we cannot say that the trial court's decision to grant permanent custody of the two children to the Agency was against the manifest weight of the evidence. As cited above, there is competent credible evidence to support the trial court's decision.
 {¶ 32} Accordingly, Appellant Donald Yeager's sole assignment of error is overruled.
 {¶ 33} B. Debra Cogar's Sole Assignment of Error:
 {¶ 34} We will now address appellant Debra Cogar's sole assignment of error. In her merit brief, appellant Debra Cogar focuses on the fact that the guardian ad litem recommended against the grant of permanent custody. Appellant asserts that a trial court's decision to grant permanent custody to an agency, without referencing the recommendation by a guardian ad litem against the grant of permanent custody, is an abuse of discretion. While we disagree with appellant's assertion in general,[2] a review of the guardian ad litem's report shows that the guardian stated that he could not recommend that the children be returned to Debra. In fact, the guardian ad litem stated that he did not believe it was in the children's best interests to reunite them with their mother. Accordingly, we see no abuse of discretion by the trial court when it failed to reference the guardian ad litem's recommendation in this case.
 {¶ 35} We now turn to the issue of the children's best interests in regard to Debra. Although, appellant Debra Cogar has not presented an argument specifically addressing whether the award of permanent custody was in the children's best interests, this court will visit this issue to ensure that the trial court's conclusion, that the grant of permanent custody was in the children's best interests, is not against the manifest weight of the evidence.
 {¶ 36} There was evidence that there are difficulties when appellant Debra Cogar interacts with the children. She does not always interact with the children much but displays more desire to flirt with appellant Donald Yeager. Debra often pays more attention to Ronnie than to Dakota, once actually stating that if she could have only one child, she would choose Ronnie. She said this in front of Dakota.
 {¶ 37} Debra has very little bonding with Dakota. There was testimony that most of the time Debra speaks and looks sternly at Dakota. In addition, appellant has been observed being rough with Dakota and generally not very nurturing towards Dakota. Her demeanor towards Dakota was described as "mean."
 {¶ 38} As to Ronnie, although he receives more attention from Debra than does Dakota, the record does not demonstrate that there is much of a bond between Debra and Ronnie. There is not much interaction between Ronnie and Debra. At times, while at visitations, Debra would sit on the couch and pout while the children were left unattended.
 {¶ 39} In addition, there was testimony of the arguing and cussing that occurred in front of the children during visitation. As stated previously, Debra and Donald's on again — off again relationship is volatile, argumentative and sometimes violent. In fact, Debra encouraged the children to "box" with her, thereby encouraging them to hit. Debra did this despite being asked not to do so because Dakota has a problem in the foster home with wanting to hit people. Further, on one occasion, Debra encouraged Ronnie to pull out a handful of Dakota's hair.
 {¶ 40} Appellant has had a long history of mental health treatment and has had depression and anxiety for three and a half years. She has at times prioritized her relationships over and above the needs of her children. Appellant needs a great deal of support in making decisions. Appellant has dependent personality disorder and major depressive disorder. Her dependent personality disorder was shown to be somewhat related to her low intelligence. Her ability to make every day decisions is compromised by her low intellectual skills and dependent personality. Testimony showed that appellant would require a great deal of support in order to successfully care for her children; otherwise, problems would arise.
 {¶ 41} Further, as noted above, the guardian ad litem recommended against reuniting the children with Debra.
 {¶ 42} When this court reviews the evidence, we cannot say that the trial court's decision to grant permanent custody of the two children to the Agency was against the manifest weight of the evidence. As cited above, there is competent, credible evidence to support the trial court's decision.
 {¶ 43} Accordingly, appellant Debra Cogar's sole assignment of error is overruled.
 {¶ 44} The judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed.
Gwin, P.J. and Wise, J. concur.
[1] Debra's behavior will be addressed later.
[2] The recommendation of a guardian ad litem is just one of the factors that a trial court must consider.